IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JOHN BARNHILL, | ) | |
| | ) | |
| Plaintiff, | ) | 8:04CV410 |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| M.H.F. EXPRESS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on the plaintiff's Motion for Interdistrict Transfer Pursuant to 28 U.S.C. § 1404 (Filing No. 28). The plaintiff attached an index of evidence to the motion. M.H.F. Truck Service, Inc. and M.H.F. Express, Inc. (collectively M.H.F.) filed an objection (Filing No. 29) in opposition to the motion. For the reasons stated below, plaintiff's motion is granted.

**BACKGROUND**

The amended complaint alleges the plaintiff was badly injured, on September 6, 2000, in Shawnee, Oklahoma when the defendants' employee negligently pulled his truck out of the dock, causing the plaintiff to fall to the ground from his forklift. The plaintiff alleges he sustained permanent injury, lost earnings, medical bills and pain. The plaintiff seeks judgment against the defendants for $1 million. **See** Filing No. 7.

With the answer to the amended complaint, the defendants filed a suggestion of bankruptcy for M.H.F. Truck Service, Inc. **See** Filing Nos. 19 and 20. On October 24, 2004, the case was referred to the Bankruptcy Court for the District of Nebraska. **See** Filing No. 21. On October 25, 2005, the matter was returned to the district court. **See** Filing No. 27. The same date, the plaintiff filed the instant motion to change venue. **See** Filing No. 28. Shortly thereafter M.H.F. filed its objection to the change of venue and a motion for summary judgment. **See** Filing Nos. 29 and 30.

The plaintiff argues a change of venue to the United States District Court for the Western District of Oklahoma would be for the convenience of the parties and witnesses, and in the interest of judicial efficiency. The plaintiff is an Oklahoma citizen. **See** Filing No. 7, ¶ 1. The incident out of which this case arises took place in the Western District of Oklahoma. All known witnesses to the incident live in the Western District of Oklahoma. All the plaintiff's medical treatment was conducted in the Western District of Oklahoma. No potential witness identified in this case lives in the District of Nebraska. M.H.F. argues only that the motion for summary judgment should be ruled on before the instant motion because the plaintiff's claims are not meritorious. **See** Filing No. 29. The defendants are incorporated in Pennsylvania and do business in Nebraska. **See** Filing No. 7, ¶ 1.

### ANALYSIS

Title 28 U.S.C. § 1404(a) provides: "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The Eighth Circuit has held:

> Section 1404(a) governs the ability of a federal district court to transfer a case to another district . . . . The statutory language reveals three general categories of factors that courts must consider when deciding a motion to transfer: (1) the convenience of the parties, (2) the convenience of the witnesses, and (3) the interests of justice . . . .

***Terra Int'l, Inc. v. Mississippi Chem. Corp.***, 119 F.3d 688, 691 (8th Cir. 1997). The Eighth Circuit continued: "[c]ourts have not, however, limited a district court's evaluation of a transfer motion to these enumerated factors. Instead, courts have recognized that such determinations require a case-by-case evaluation of the particular circumstances at hand and a consideration of all relevant factors." ***Terra***, 119 F.3d at 691; **see *Stewart Org., Inc. v. Ricoh Corp.***, 487 U.S. 22, 29 (1988); ***Jumara v. State Farm Ins. Co.***, 55 F.3d 873, 879 (3d Cir. 1995); 15 Charles Alan Wright, et al., **Federal Practice & Procedure** § 3847 (2d ed. 1986 & 2005 Supp.). As the Supreme Court has explained, "[a] motion to transfer under § 1404(a) thus

calls on the district court to weigh in the balance a number of case-specific factors." **Stewart**, 487 U.S. at 29.

The burden of showing the necessity of a transfer under 28 U.S.C. § 1404(a) is substantial and rests on the party seeking the transfer. **See Terra**, 119 F.3d at 695-96. Of the factors considered, the plaintiff's choice of forum is given "great weight, and will not be lightly disturbed, especially where the plaintiff is a resident of the judicial district in which the suit is brought." **Rick ex rel. Rick, Estate of v. Stevens**, 145 F. Supp. 2d 1026, 1039 (N.D. Iowa 2001) (citations omitted); **see Terra**, 119 F.3d at 695. To carry its burden, the movant must show its inconvenience strongly outweighs the inconvenience the plaintiff would suffer if venue were transferred. **Nelson v. Bekins Van Lines Co.**, 747 F. Supp. 532, 535 (D. Minn. 1990). A transfer should not be granted if the effect is to merely shift the inconvenience from one party to the other. **Id.** (**citing Van Dusen v. Barrack**, 376 U.S. 612, 646 (1964)); **see also Ferens v. John Deere Co.**, 494 U.S. 516, 522-23 (1990).

In **Terra**, the Eighth Circuit noted a number of factors which are traditionally considered in deciding motions to transfer. **Terra**, 119 F.3d at 696. These factors include "(1) the convenience of the parties, (2) the convenience of the witnesses -- including the willingness of witnesses to appear, the ability to subpoena witnesses, and the adequacy of deposition testimony, (3) the accessibility to records and documents, (4) the location where the conduct complained of occurred, and (5) the applicability of each forum state's substantive law." **Id.** In addition, when evaluating the "interest of justice" portion of § 1404, a court may consider: "(1) judicial economy, (2) the plaintiff's choice of forum, (3) the comparative costs to the parties of litigating in each forum, (4) each party's ability to enforce a judgment, (5) obstacles to a fair trial, (6) conflict of law issues, and (7) the advantages of having a local court determine questions of local law." **Id.**

Although, the plaintiff initially chose the District of Nebraska, he seeks the change of venue to the Western District of Oklahoma. The plaintiff is a citizen of Oklahoma. It appears that all of the witnesses are in Oklahoma, while none are in Nebraska. Additionally, all of the documents related to the plaintiff's medical care are in Oklahoma. The defendants rely on

Oklahoma law in their motion for summary judgment. **See** Filing No. 29, ¶ 3(b) and Filing No. 30.

The court finds the plaintiff has shown that numerous factors weigh in favor of a change of venue in this case. As the movant notes, the events giving rise to this litigation occurred in Oklahoma, most, if not all, of the witnesses reside in Oklahoma, Oklahoma law applies and the plaintiff lives in Oklahoma. Although, the plaintiff's choice of forum was initially Nebraska, the plaintiff seeks the change and the court finds the balance of interests weighs heavily in favor of transferring the instant action to the Western District of Oklahoma (28 U.S.C. § 116(c)). Upon consideration,

**IT IS ORDERED:**

1. The plaintiff's Motion for Interdistrict Transfer Pursuant to 28 U.S.C. § 1404 (Filing No. 28) is granted.

2. The Clerk of Court shall stay operation of this order for a period of ten (10) days to permit the parties to file an appeal of this order in accordance with NECivR 72.2. If such an appeal is filed, the Clerk shall withhold transfer of these matters pending the determination of any such appeal.

**ADMONITION**

Pursuant to NECivR 72.2 any appeal of this Order shall be filed with the Clerk of the Court within ten (10) days after being served with a copy of this Order. Failure to timely appeal may constitute a waiver of any objection to the Order. The brief in support of any appeal shall be filed at the time of filing such appeal. Failure to file a brief in support of any appeal may be deemed an abandonment of the appeal.

Dated this 28th day of November, 2005

BY THE COURT:

 s/Thomas D. Thalken
United States Magistrate Judge
