IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JOHN BARNHILL, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>M.H.F. LOGISTICAL SOLUTIONS, M.H.F. )<br>EXPRESS, M.H.F. TRUCK SERVICE, )<br>MHF-LS EQUIPMENT, MHF-LS )<br>ENTERPRISES, and MHF-LS )<br>TRANSLOAD, )<br>)<br>Defendants. )<br>) | 8:04CV410<br><br><br>MEMORANDUM AND ORDER |

   This matter is before the court on the appeal by the defendants, Filing No. 40, of the order of the magistrate permitting a change of venue, Filing No. 37. The court has carefully reviewed the record, briefs, and the relevant law and concludes that the report and recommendation of the magistrate will be adopted in its entirety.

   The plaintiff in this action received severe injuries as a result of a trucking accident. Plaintiff filed suit in this court alleging over a million dollars in damages. Filing No. 7. Thereafter, one of the defendants filed bankruptcy, and the court referred the case to the bankruptcy court for a determination as to whether the case could proceed. Filing No.19. The bankruptcy judge filed a report and recommendation suggesting that the case could proceed. Filing No. 26. This court then reasserted jurisdiction over the case. Filing No. 27.

   The plaintiff filed a motion to transfer this case pursuant to 28 U.S.C. § 1404. Filing No. 29. The plaintiff contends that the accident occurred in Oklahoma, all medical providers are in Oklahoma, all witnesses are in Oklahoma, that he is a citizen of Oklahoma, and no witnesses live in Nebraska. Filing No. 28. The defendants countered by filing a motion for summary judgment and objections that mirrored the summary judgment arguments asking this court to rule on the merits of the case. Filing Nos. 29 and 30. Defendants have filed no evidence or made any

argument countering plaintiff's assertions that the best place for trial of this case would be in Oklahoma.

The magistrate reviewed the request for transfer of this case to the Western District of Oklahoma. He determined that the transfer statute, 28 U.S.C. § 1404(a), applies to both plaintiff and defendants. Defendants now object contending that the plaintiff must show some "changed circumstances" before he would be entitled to a transfer of the case. Defendants cite no Eighth Circuit or other circuit case law for their argument. This court disagrees with the defendant and agrees with the magistrate.

The plaintiff has met his burden of showing that the more appropriate and convenient forum would be the Western District of Oklahoma. *See Terra Int'l, Inc. v. Mississippi Chem. Corp.*, 119 F.3d 688, 695-96 (8th Cir. 1997). The factors cited by the plaintiff, and unopposed by the defendants, weigh heavily in favor of permitting the motion to transfer. Consequently, plaintiff's motion will be granted.

THEREFORE, IT IS ORDERED:

1.  Plaintiff's motion to transfer, Filing No. 28, is granted;

2.  Defendants' appeal, Filing No. 40, is denied;

3.  The magistrate's report and recommendation, Filing No. 37, is adopted in its entirety, and

4.  The Clerk of Court is hereby ordered to transfer this case to the United States District Court for the Western District of Oklahoma.

DATED this 28th day of December, 2005.

BY THE COURT:

s/ Joseph F. Bataillon
JOSEPH F. BATAILLON
United States District Judge